UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|                        |   |                              |
|------------------------|---|------------------------------|
|                        | ) | CHAPTER 13                   |
|                        | ) |                              |
|                        | ) | CASE NO. 05-66671            |
| IN RE:                 | ) |                              |
|                        | ) |                              |
| CHARLOTTE A. RUPERT,   | ) | JUDGE RUSS KENDIG            |
|                        | ) |                              |
| Debtor.                | ) |                              |
|                        | ) | **MEMORANDUM OF OPINION**    |
|                        | ) |                              |
|                        | ) | **(NOT INTENDED FOR**        |
|                        | ) | **PUBLICATION)**             |

This matter comes before the court upon a motion for relief from judgment filed by creditor Heartwood 88, LLC (hereinafter "Creditor") on December 18, 2006. Charlotte A. Rupert (hereinafter "Debtor") filed a response in opposition to the motion on January 5, 2007. A hearing was held on the motion on January 25, 2007 with both Debtor and Creditor in attendance.

This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district on July 16, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. The following constitutes the court's findings of facts and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

### Facts & Arguments

On February 3, 2006, Michael Edminister, attorney for Creditor, filed a claim in the amount of $7,376.25 secured by real estate located at 3033 Taft Avenue N.E., Canton, Ohio. Debtor objected to this claim on February 6, 2006, arguing that no precise statement of account or payment history was attached to the proof of claim and further stating that $3,682.32 was the accurate amount owed to Creditor. Creditor and attorney for Creditor are listed on the certificate of service for both the objection to claim and notice of objection to claim. The notice filed with the objection to claim required an objecting party to file a

written request for a hearing within thirty days of the date listed on the notice. No such request was filed by any party. Because Debtor did not submit an order sustaining the objection to claim, the chapter 13 trustee filed a motion to deny the objection to claim for lack of prosecution on May 16, 2006. The notice attached to the trustee's motion required an objecting party to file a response by June 5, 2006. Debtor subsequently submitted her order to the court and it was entered on May 23, 2006. Creditor did not respond to the trustee's motion. On July 18, 2006, Creditor filed a motion to reconsider the order sustaining the objection to Creditor's claim. Debtor filed a response on July 26, 2006. At a hearing held on September 6, 2006, the court denied Creditor's motion.

In its motion for relief from judgment, Creditor argues that Debtor wrongfully concealed the correct amount accrued on Creditor's claim, thus Creditor is entitled to relief for fraud or misrepresentation pursuant to Fed. R. Civ. P. 60(b)(3) or Fed. R. Civ. P. 60(b)(6). According to Creditor, Debtor fraudulently misrepresented the amount due on the claim by attaching a printout from the Stark County Treasurer's Office (hereinafter "Treasurer") instead of contacting Creditor's attorney to obtain the final payoff amount. Also, Creditor claims that Debtor misled the court by claiming the amount gleaned from the Treasurer came from Creditor. Creditor admits that it "inadvertently" failed to attach proof of the fees due when it filed its proof of claim. Creditor asserts that, since the court "apparently" relied on the claim amount submitted by Debtor, it was materially prejudiced.

Debtor disputes Creditor's claims and denies the existence of any fraud. First, Debtor asserts that there was no representation made to the court that the balance provided by the Treasurer was obtained from Creditor or its counsel. Debtor further claims that Creditor is attempting to collect impermissible post-petition attorney fees, foreclosure costs, and interest. Debtor argues that because Creditor failed to attach the precise statement of account and payment history showing the proper balance when it filed its proof of claim, use of the number from the Treasurer was necessary and the only reasonable calculation available to Debtor.

## Discussion & Analysis

### A. Rule 60(b)(3)

Pursuant to Fed. R. Bankr. P. 9024, Fed. R. Civ. P. 60 applies in bankruptcy cases. Rule 60(b)(3) requires the movant to demonstrate that it is entitled to relief because of the "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b)(3). The moving party must show that the other party engaged in "deliberate or reckless misbehavior." Jordan v. Paccar, Inc., 1996 U.S. App. LEXIS 25358 (6th Cir. 1996) (unpublished). Further, one of the essential elements of fraud in Ohio is "a material false representation or concealment." Jaffe v. Dawson (In re Dawson), 338 B.R. 756 (Bankr. N.D. Ohio 2006).

Creditor has not proven any misrepresentation in this case, eliminating both the fraud and misrepresentation bases for vacating the order under Rule 60(b)(3). Likewise, Debtor

has failed to prove misconduct on the part of Debtor. Creditor first asserts that a misrepresentation occurred because Debtor claimed the $3,682.32 payoff amount came directly from Creditor's counsel. In her response to the motion to re-consider, Debtor attached a copy of the statement from the Treasurer noting it as "verification of Heartwood 88, LLC for the amount owed to Heartwood 88, LLC." While this phrase is not the most unambiguous, the court does not take it to mean that the attached printout was provided or approved by Creditor and this ambiguity does not rise to the level of a material false representation. In fact, it is clear from the face of the exhibit that the information came from the Treasurer.

Creditor next alleges that fraud occurred because the court relied on the allegedly incorrect payoff amount when it entered the order sustaining the objection to claim. The court accepted the figure proposed in Debtor's objection to claim not because it was under the impression that the numbers came from Creditor, but because the number appeared to be supported by information from a reliable source and Creditor did not file a response or objection to either Debtor's objection to claim or the trustee's motion to deny. The filing by Debtor of an objection to claim with a balance supplied by the Treasurer does not demonstrate any type of deliberate or reckless misbehavior. If Creditor had filed an account balance with its proof of claim or during the response period for the objection to claim, the court could have considered the dueling balance figures. From the record, it appears that the first time a number differing from that of Debtor's appeared was in a letter from Creditor's counsel dated June 2, 2006, subsequent to the entry of the order sustaining the objection to claim and long after the response date for the objection to claim and trustee's motion to deny. Therefore, relief from the order under Rule 60(b)(3) is not warranted.

### B. Rule 60(b)(6)

Creditor argues that this court should grant it relief from judgment because Rule 60(b) allows the court to set aside a judgment for "any other reasons justifying relief from the judgment." Creditor cites Rule 60(b)(5) for this proposition. While this is the correct code section under Ohio Rule 60(b), it is not the correct provision under Fed. R. Civ. P. 60(b), made applicable to bankruptcy cases through Fed. R. Bankr. P. 9024. However, the federal rule offers a similar option under Rule 60(b)(6), stating that a court may relieve a party from a final judgment for "any other reason justifying relief from operation of the judgment." Fed. R. Civ. P. 60(b)(6).

A court should utilize Rule 60(b)(6) only in "extraordinary" circumstances. Lowe's Home Centers, Inc. v. LL&127, LLC, 2005 U.S. Dist. LEXIS 30378 (W.D. Mich. 2005). Further, any basis for vacating an order pursuant to Rule 60(b)(6) must differ from those listed in Rule 60(b)(1) through (5). Id. In this case, Creditor is not entitled to relief under this section. First, Creditor's justification for relief under (b)(6) is identical to their basis for relief under (b)(3) – fraud or misrepresentation. The grounds identified by Creditor fit squarely within Rule 60(b)(3) and Creditor did not prove its claim under that section. Further, Creditor fails to demonstrate that the circumstances presented in this case are "extraordinary."

## Conclusion

The court can only consider arguments presented in Creditor's motion for relief from judgment and is thus limited to determining whether relief from the order is proper under Rule 60(b)(3) or (b)(6). Relief is not appropriate under either of these sections. No other arguments were posited by Creditor. Thus, Creditor's motion for relief from judgment is **DENIED**.

A separate order is issued herewith.

/s/ Russ Kendig
_____
Judge Russ Kendig
U.S. Bankruptcy Judge     FEB - 8 2007

## Service List

Charlotte A. Rupert
3033 Taft Ave., N.E.
Canton, OH  44705

Toby L. Rosen
400 W. Tuscarawas St.
Charter One Bank Bldg.
4th Floor
Canton, OH  44702

Douglas D. Jones
2867 Sharonwood Ave., N.W.
Canton, OH  44708

Michael Edminister
Suite 800
159 S. Main Street
Akron, OH  44308

Heartwood 88, LLC
P.O. Box 5707
Fort Lauderdale, Florida  33310